IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLIE B. BUSH JR., | ) | 4:12CV3195 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON INITIAL** |
| MICHAEL THURBER, Director of | ) | **REVIEW** |
| Lancaster County Jail, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Charlie B. Bush, ("Bush") filed his " Petition for Law Suite (sic) and Motion for Lead (sic) to Proceed In forma of Pauperis," ("complaint") in this matter on September 12, 2012. (Filing No. 1.) The plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) I now conduct an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   SUMMARY OF COMPLAINT

Bush filed his complaint on September 12, 2012, against Michael Thurber ("Thurber"), Director of the Lancaster County Jail. (Filing No. 1 at CM/ECF p. 1.) Bush alleges that he was forced "to do slave labor in the Lancaster County Jail kitchen for the last 15 years" and was denied the opportunity to participate in a work release program. (*Id*.) Liberally construed, Bush states that he was not paid for his work and asks the court to award him "back pay." (*Id*. at CM/ECF pp. 1-2.) Separately, Bush seeks $25,000 for pain and suffering related to a burn he received over his left eye while working in the kitchen. (*Id*. at CM/ECF p. 2.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

I am required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). I must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Bush names Thurber as the sole defendant in this matter. (Filing No. 1 at CM/ECF p. 1.) Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his or her individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). As set forth by the Eighth Circuit:

> Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are

2

> being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity.

*Id.* These rules have been consistently applied to municipal defendants. *See, e.g., Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007) (affirming dismissal of claims based on assumption of official capacity only where the plaintiff failed to clearly state the capacity in which he intended to sue several county defendants); *Johnson*, 172 F.3d at 535 (assuming official capacity only claims and affirming grant of summary judgment in favor of county sheriffs). Further, "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. Here, Bush did not specify the capacity in which the sole, individual defendant, Thurber, is sued. (Filing No. 1.) Therefore, as set forth above, I assume that Thurber is sued in his official capacity only. Further, the claims against Thurber, in his official capacity, are actually claims against his employer, Lancaster County, Nebraska.

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Bush's constitutional rights. *Doe By & Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

3

> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Bush does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Lancaster County or its employees, or that Lancaster County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct on the part of Thurber. (Filing No. 1.) Moreover, Bush does not allege that an unconstitutional custom was the moving force behind his injuries, or any actual injury caused by Thurber. (*Id.*) Accordingly, Bush has failed to allege sufficient facts to "nudge" his claims against Lancaster County across the line from conceivable to plausible under the *Jane Doe* standard.[1]

However, on its own motion, the court will permit Bush 30 days in which to amend his complaint to sufficiently allege a claim against Lancaster County in

---

[1] To the extent Bush is seeking back pay for his prison job, I note Bush does not have a constitutional or federal right to a job in prison or a property right to wages for work performed in prison. *See Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991); *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989). Whatever liberty or property interests inhere in prison employment are the product of state law. *Peck v. Hoff*, 660 F.2d 371, 373 (8th Cir. 1981). And, Nebraska law does not create a protected liberty or property interest in prison employment or wage rates. *Moore v. Grammar*, 442 N.W.2d 861, 864 (Neb. 1989).

accordance with the *Jane Doe* standard. Any amended complaint shall restate the allegations of Bush's prior complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Bush fails to file a sufficient amended complaint in accordance with this memorandum and order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Bush shall have until **November 13, 2012**, to amend his complaint and clearly state a claim upon which relief may be granted against Thurber in accordance with this memorandum and order. If Bush fails to file an amended complaint, his claims against Thurber will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that Bush files an amended complaint, Bush shall restate the allegations of the current complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **November 13, 2012**.

4. Bush shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

Dated October 15, 2012.

BY THE COURT

*Warren K. Urbom*

Warren K. Urbom
United States Senior District Judge